George Frankenthaler, S.
The paper offered for probate as the last will of the decedent names his widow as sole legatee and executrix of his estate. The testimony of the subscribing witnesses has established the. due execution of the instrument as a will, the competency of the testator and his freedom from restraint at the time of such execution. The propounded paper is challenged solely on the ground that it had been revoked by the testator in his lifetime. It is contended that the paper was mutilated by the testator with the intention to revoke it and such contention is premised entirely upon the physical condition of the paper at the time of the testator’s death. The paper is a stationer’s printed folio form of will. It was found after the decedent’s death severed into two parts by a vertical tear extending its entire length.
The decedent’s widow testified, no objection having been made to her competency as a witness, that the paper had been contained in a metal box in the bedroom occupied by her and her husband, that on a day in December, 1955 she brought the box from the bedroom into the living room of their apartment and emptied the box’s contents on a table upon which there were other papers, that she then restored papers to the box and sorted through the papers on the table, tearing up and discarding certain of them, that she put the torn papers into a refuse bag in the kitchen and in so doing noticed among them the decedent’s will torn into two pieces whereupon she hurried back to the living room and showed the pieces to her husband. Testimony as to the conversation that then ensued was objected to by the contestants and it necessarily was ruled that the witness was not competent to testify to such conversation. The widow further stated that she replaced the two pieces of the propounded paper in the metal box where they were found after decedent’s death.
A neighbor of the decedent testified that she was frequently in the Rollini apartment, visiting there almost daily and as often as two or three times in a single day, that on a day in the latter part of the year 1955 there were several tables in the living room of the apartment and each table was cluttered with papers, that Mr. and Mrs. Rollini were having an argument *741 about the failure of Mrs. Bollini to clean up the papers, that the decedent “ was quite furious ”, said that his wife did not know what she was doing and referring to his wife stated to the witness “ and she tore this will ” whereupon Mrs. Bollini said: “I thought I tore my will ”.
The revocation of a will is recognized where it has been ‘ ‘ torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses.” (Decedent Estate Law, § 34.) None of the essential elements of revocation is here existing. The tearing of the instrument was not done by the testator or by any person at his direction. An intention to annul an instrument is a most important element of an effective revocation but the evidence is that the will was mutilated contrary to the testator’s desires and that the tearing of the paper aroused the testator’s anger even though the act was accidental. This is not a case where proof of the circumstances of the mutilation are lacking and inferences are to be drawn from the physical appearance of the instrument, from the place where the instrument was found or by reason of its custody. Here the circumstances of the mutilation are known and they establish that the tearing of the will was done inadvertently by a person other than the testator. This unauthorized act did not effect the revocation of the will and while this litigation could have been avoided by the execution of a new instrument, the fact that the testator did not elect to do so cannot affect the validity of his unrevoked will. The testator’s reaction to the unintentional injury to the will was reflected in his statement that “ it didn’t make any difference ”. That statement, repeated by his wife to a witness in the testator’s presence, correctly evaluated the legal consequence of the accidental tearing of the paper. (Matter of Gossweiler, 35 N. Y. S. 2d 631.)
Submit decree on notice admitting the propounded paper to probate.